## FILIATREAU et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. October 5, 1926.)

No. 4595.

**1. Indictment and information ⟨⟩121(1).**

Generally, granting or refusing bill of particulars is within sound discretion of trial court.

**2. Indictment and information ⟨⟩121(3).**

Motion for bill of particulars must be timely made.

**3. Indictment and information ⟨⟩121(3).**

Motion for bill of particulars, made when case was called for trial more than a year after indictment, *held* not timely, and denial thereof not abuse of discretion.

**4. Indictment and information ⟨⟩133(8).**

Motion to quash indictment, on ground that defendants' Christian names were set forth by initial only, *held* properly denied; plea in abatement being appropriate remedy.

**5. Indictment and information ⟨⟩196(6), 202(6).**

In absence of plea in abatement, irregularity of indictment, setting forth defendants' Christian names by initials only, must be deemed waived, or cured by verdict.

**6. Indictment and information ⟨⟩125(42)— Indictment, charging first offense by one defendant and third offense by the other, held not objectionable, as improperly joining distinct charges against several defendants.**

Indictment of two defendants for conspiracy to violate Prohibition Act and for sale and possession of intoxicating liquor, which averred that it was first offense on part of one defendant and third offense on part of the other, *held* not objectionable, as improperly joining separate and distinct charges against different defendants.

**7. Criminal law ⬥⟹783(1)—Jury held improperly instructed as to considering prior convictions to supplement other evidence of guilt.**

In prosecution for conspiracy to violate and for violations of prohibition act, instruction that jury might consider previous convictions of one defendant to supplement other evidence of guilt *held* reversible error, there being no question of defendant's credibility as witness.

**8. Intoxicating liquors ⬥⟹236(11)—Evidence held insufficient to sustain conviction for sale.**

Evidence failing to show a delivery of liquor which one defendant had been sent for, or an intention that title thereto should pass before actual delivery, *held* insufficient to sustain conviction for sale.

**9. Sales ⬥⟹199.**

Whether property in goods is transferred depends on intention of parties, however indicated.

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

R. O. Filiatreau and J. R. Corbett were convicted of illegally possessing and selling intoxicating liquor, and they bring error. Judgment as to defendant Filiatreau reversed, and cause remanded for new trial, and as to defendant Corbett reversed, and cause remanded, with instructions to resentence.

King Swope, of Lexington, Ky. (Charles Fennell, of Lexington, Ky., on the brief), for plaintiffs in error.

W. S. Ball, U. S. Atty., and Frank A. Ropke and Claude Hudgins, Asst. U. S. Attys., all of Louisville, Ky.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

HICKENLOOPER, District Judge. On October 17, 1924, an indictment was returned against the plaintiffs in error jointly, charging them with conspiracy to violate the National Prohibition Act (Comp. St. § 10138¼ et seq.), in the first count; in the second count with the sale of 50 gallons of whisky on or about the 20th day of August, 1924, near Bear Wallow, in Washington county, Ky.; and in the third count with the illegal possession of said 50 gallons of whisky, as of the same date and place, averring further that such illegal possession was a first offense of that kind upon the part of J. R. Corbett and a third offense upon the part of R. O. Filiatreau, and setting forth the dates and details of the prior convictions of said Filiatreau.

The record is silent as to whether there was any arraignment prior to September 29, 1925, when the case was called for trial. On this latter date the defendants below appeared in court and filed a demurrer to the indictment, a motion to quash, and a motion for a bill of particulars. A single journal entry recites that, the cause coming on for hearing and the defendants being present in person and by counsel, said defendants entered a plea of not guilty and said motions and the demurrer to the indictment were overruled. The cause proceeded to trial, the first count was withdrawn from the consideration of the jury at the conclusion of the evidence, and a verdict of guilty was returned upon the second and third counts. After verdict, motions in arrest of judgment and for a new trial were duly made and overruled.

[1, 2] The first assignment of error to be considered is the alleged error in overruling the motion for a bill of particulars. While the defendants may be said to be entitled, as a matter of right and of due process of law, to such definite and specific allegation of the nature of the charge against them as will not only give them fair and reasonable opportunity to prepare their defense, but such as will also enable either to plead prior conviction or acquittal in the event of subsequent prosecution for the same crime, the granting or refusal of a motion for a bill of particulars generally lies within the sound discretion of the trial court (Dunlop v. U. S., 165 U. S. 486, 491, 17 S. Ct. 375, 41 L. Ed. 799; Savage v. U. S., 270 F. 14, 18 [C. C. A. 8]) and such motion must be timely made to enable the defendant to sustain his demand as of such right.

[3] Here the evidence discloses without contradiction that both defendants were arrested on the night of August 20, 1924, in connection with a transaction involving the alleged sale of approximately 50 gallons of moonshine whisky, which intoxicating liquor was then seized, forfeited, and held as evidence. Ignorance upon the part of the defendants of the precise nature of the charge against them and inability upon their part to prepare their defense seem decidedly more fanciful than real. The indictment was returned on October 17, 1924, but no motion for a bill of particulars was filed, nor other objection to the sufficiency of the indictment raised, until September 29, 1925, when the case was called for trial. Under such circumstances we cannot say that it was an abuse of discretion upon the part of the court to deny the motion and to insist that the defendants proceed to trial.

[4, 5] The motion to quash the indictment, for the reason that it set forth the defendants' Christian names by initials only, was also

properly denied. The appropriate remedy in such an event is by plea in abatement, and not by motion to quash. Gerrish v. State, 53 Ala. 476; U. S. v. Upham et al. (C. C.) 43 F. 68; 16 C. J. 409, "Criminal Law," § 745, and cases there cited. In the absence of such plea in abatement, the irregularity must be considered as waived, or cured by verdict.

[6] Error is also assigned to overruling the motion to quash the third count of the indictment, for the reason that this count charges one defendant with a first offense of illegal possession and the other with a third offense of a like kind. It is insisted that this results in a misjoinder of persons, or that separate and distinct charges against the several defendants are improperly joined; the one defendant being charged with a misdemeanor and the other with a felony. Conceding that joinder or consolidation is improper, where the offenses are different and independent each of the other, but merely contemporaneously committed by different individuals (see McElroy v. U. S., 164 U. S. 76, 81, 17 S. Ct. 31, 41 L. Ed. 355), or where the offenses are in their nature such as to be incapable of joint commission, such as perjury or slander (see U. S. v. Kazinski, Fed. Cas. No. 15,508), yet here the act of possession is laid as the joint act of the two defendants, a single violation of the law. As was said by Mr. Justice Gray in McDonald v. Mass., 180 U. S. 311, 313, 21 S. Ct. 389, 390 (45 L. Ed. 542) "the allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

The practice of making the penalty heavier to the habitual offender is of long standing in the criminal law of the several states, and in charging such previous offenses the allegation thereof may be made in the indictment returned for the last offense, as is required by the Volstead Act (Massey v. U. S., 281 F. 293 [C. C. A. 8]; Schooley v. U. S., 4 F.(2d) 767 [C. C. A. 8]), or it may constitutionally be provided by statute that the fact of previous offenses be presented to the court by information after conviction on the substantive charge and as for assistance to the court in fixing the penalty (Graham v. W. Va., 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917). Such procedure is permitted only in recognition of the fact that but one crime has been committed. It is manifest that such single crime may be joint, and it is here alleged so to be. The question thus presented is not that of the guilt or innocence of the several defendants upon charges of separate and distinct crimes of different degree, but of the power of Congress to provide a more severe penalty for a second or subsequent offense than is meted out to the first offender for the identical offense. Such power of Congress is not here questioned.

Other illustrations of proper joinder of defendants in one indictment, where the penalty is different, suggest themselves upon reflection. Principals in the first and second degree, or the principal and accessories before or after the fact, could always be joined in one indictment, although the punishment may vary. Thus an accessory after the fact is subject under the federal law to be imprisoned not exceeding one-half the longest term of imprisonment, or fined not exceeding one-half the largest fine prescribed for the punishment of the principal, or both. Penal Code, § 333 (Comp. St. § 10507). The return of a joint indictment against the principal offender and the accessory after the fact would not afford valid ground for attack by motion to quash. The motion to quash the indictment in the case at bar was properly overruled.

[7] This consideration of the purpose, nature, and effect of the allegation and proof of previous offenses suggests the propriety of considering at this point the only formal exception taken to the charge of the court. The learned trial judge instructed the jury:

"You may take into consideration as against R. O. Filiatreau, and consider it for whatever it may be worth in deciding whether he is guilty in this case, the fact that he has been heretofore twice convicted; but that is not alone sufficient to sustain a verdict in this case, but you may consider it for whatever you think it is worth, in connection with all the other evidence."

Specific exception was taken by counsel for the defendant Filiatreau to this portion of the charge, and in so charging the jury we feel that prejudicial error was committed, which will require a new trial as to the defendant Filiatreau. Neither defendant testified in the case, so that there could be no question of the previous convictions affecting the credibility of the defendant Filiatreau as a witness. No question of scienter, fraud, or guilty knowledge was involved in the case. If the jury believed the witnesses for the government, and found that such evidence established the guilt of the defendant Filiatreau of illegal possession of intoxicating liquor at the time and place laid in the indictment, beyond reasonable doubt, this defendant should have been convicted; but unless guilt of the specific violation of law charged appeared from the evidence beyond reasonable doubt, and unassisted by the fact of former similar transgressions, the verdict should have been not guilty.

To permit the evidence of previous convictions to be received by the jury to supplement the other evidence of guilt, and possibly to avoid a finding of failure of proof, constituted reversible error. See Boyd v. U. S., 142 U. S. 450, 458, 12 S. Ct. 292, 35 L. Ed. 1077; Crinnian v. U. S., 1 F.(2d) 643 (C. C. A. 6); Rupinski v. U. S., 4 F.(2d) 17 (C. C. A. 6).

[8] The last assignment of error which is urged upon the court is that the trial court erred in overruling the motion of both defendants to direct a verdict of not guilty upon the second or sale count of the indictment. The utmost that the evidence disclosed was that, the informer having called at the residence of R. O. Filiatreau about 10 or 11 o'clock in the evening of August 20, 1924, and having told this defendant that he wanted some whisky, Filiatreau called to the defendant Corbett and sent him to another locality for the whisky. Corbett was gone about 30 minutes, and when he drove up in front of Filiatreau's barn, in Filiatreau's automobile, he spoke to the informer, saying, "All right, I am ready," or, as testified by another witness, "Here it is." Before any delivery of whisky was in fact made to the informer, the prohibition officers appeared and placed Corbett under arrest, later apprehending Filiatreau. The court treated this tender as completing the sale, providing the jury further found that nothing remained to be done, except for the informer to take possession. In the charge to the jury the court said:

"As I have said, before there could be a sale in this case, there must not only have been an agreement, but there must have been under the facts in this case such a delivery on the part of Corbett as left nothing further for the defendants to do. In other words, it must have been tendered, so that all that was necessary was for Skinner to take possession. Unless you believe that to the exclusion of a reasonable doubt, you will find them not guilty under count No. 2 of selling."

The evidence is insufficient to support the contention of actual delivery, and the question is therefore whether there was such unconditional appropriation of the liquor to a contract of sale (sometimes loosely called a constructive delivery) as would pass title thereto from the seller to the buyer. The distinction between a contract to sell and an actual sale is clearly and tersely stated in the second edition of Williston on Sales, § 2:

"Whether a bargain between parties is a contract to sell or an actual sale depends upon whether the property in the goods is transferred. If it is transferred, there is a sale, an executed sale, even though the price be not paid. Conversely, though the price be paid, there is but a contract to sell (not very happily called an executory sale), if the property in the goods has not passed."

[9] Whether property in the goods is transferred will depend upon the intention of the parties, however indicated. Hammer v. U. S., 249 F. 336, 161 C. C. A. 344 (C. C. A. 2); Williston on Sales (2d Ed.) § 261; Hatch v. Oil Co., 100 U. S. 124, 130, 131, 25 L. Ed. 554. In the case at bar the evidence does not disclose any intention of the parties to transfer property or title to the whisky prior to transfer of actual possession, delivery into the manual custody of the informer, or removal from the automobile of Filiatreau to that of the informer. It is true that, in the law of sales, goods which are unascertained at the time of the contract to sell may subsequently be ascertained, and by act of either party irrevocably applied to the contract; but such appropriation to the contract must be made by one of the parties with the consent of the other. Such consent may be implied, as by the buyer furnishing containers for the goods, the seller making the appropriation by placing the goods in such containers, but in every such event the intent is to be collected from the acts of the parties.

In the present case the only natural inference is that, when Corbett was sent to procure the whisky, neither party intended title to pass before he had returned and actual delivery had been made to the purchaser. Cf. Hatch v. Oil Co., supra, at page 132 (25 L. Ed. 554). No act was done by the informer from which his consent to an earlier appropriation to the contract and transfer of title may be inferred. Under the circumstances of the case we find that, while there was ample evidence of a contract to sell intoxicating liquor, there was a failure of proof of an executed sale, and that the motion for a directed verdict upon the second count should have been granted.

The defendant Corbett was sentenced solely upon the second count, probably upon the hypothesis that an illegal sale necessarily included illegal possession of the liquor sold, and that the defendant could not be sentenced for both sale and illegal possession of the same liquor. See Tritico et al. v. U. S., 4 F.(2d) 664 (C. C. A. 5). This judgment of the District Court will be reversed, and the cause of J. R. Corbett will be remanded to the District Court, with instructions to resentence said J. R. Corbett upon the verdict of guilty of the crime charged in count 3.

The defendant R. O. Filiatreau was sen-

tenced only upon conviction under count 3, a third offense of illegal possession, and for the error in the charge above referred to this judgment of the court is reversed, as to him the verdict is set aside, and the cause remanded as to R. O. Filiatreau for a new trial.