## MARRON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926. Rehearing Denied January 31, 1927.)

No. 4948.

1. **Criminal law ⬅1180, 1193—Decision by appellate court becomes law of case on second trial and appeal.**

Where the evidence is the same and the charge identical, a final decision by an appellate court establishes the law of the case, which governs on a second trial and on a second appeal.

2. **Criminal law ⬅1163(1)—Burden is on plaintiff in error to show that error in admission of testimony was prejudicial.**

The burden is on plaintiff in error to show that error in the admission of testimony was prejudicial.

3. **Criminal law ⬅1169(5)—Error in admission of testimony later stricken out held not prejudicial.**

Error in admission of testimony *held* not prejudicial, where it was later stricken out and the jury instructed then and in its charge to disregard it.

4. **Criminal law ⬅1169(2)—Where guilt is clearly established, appellate court will not indulge in speculations as to prejudice from incompetent testimony.**

Where there is ample evidence to establish guilt of a defendant and sustain a verdict, courts will not indulge in finely drawn speculations to sustain a claim of prejudice from erroneous admission of testimony.

5. **Intoxicating liquors ⬅233(2)—Evidence of delivery of liquor to defendant charged with selling held competent.**

Where defendant was charged with keeping and selling liquor at a specified place, evidence of delivery of liquor at that place, for which defendant paid, was competent.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Criminal prosecution by the United States against Joseph E. Marron. Judgment of conviction, and defendant brings error. Affirmed.

Hugh L. Smith and Chas. J. Wiseman, both of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. This case is brought here by writ of error, under which the plaintiff seeks to have set aside the judgment entered against him upon conviction of the crime of conspiring to violate provisions of the National Prohibition Act (Comp. St. § 10138¼ et seq.). Plaintiff in error was convicted of the same offense under the same indictment prior to his last trial. That judgment was reversed by this court. Marron v. United States, 8 F.(2d) 251. The reversal was ordered because the court concluded that the evidence received touching the seizure of intoxicating liquor without a search warrant at 2922 Sacramento street, San Francisco, was not admissible.

The indictment, in substance, charged the conspiracy to be one to manufacture, sell, transfer, deliver, transport, furnish, and have possession of intoxicating liquors, and to maintain a common nuisance by keeping for sale and selling such liquors at 1249 Polk street, in the city and county of San Francisco.

The first point urged is that the court erred, and that, because of such error, rights of plaintiff in error under the Fourth and Fifth Amendments to the Constitution were violated, in receiving in evidence a book of account and papers and documents of the accused. The argument to this point is directed solely to the alleged unlawfulness of the search made by the federal officers of the premises at 1249 Polk street, as a result of which, in addition to a large amount of intoxicating liquors, a book of account and several other papers were taken. The competency of the evidence, except for the complaint that it was illegally procured, is not presented.

[1] The particular item of a documentary nature which the search disclosed was a book

of account, referred to on the former hearing in this court and at the last trial as the "gray ledger." This court on the previous review held that there was no error in receiving in evidence the ledger. The evidence showing the authority of the officers who made the search, and the circumstances of the search, is admitted to have been the same at the last trial as at the former one. Where the evidence is the same, and the charge identical, a final decision on appeal establishes the rule, or law of the case, which will govern the second trial. And the former decision made by this court will be binding now. Counsel for plaintiff in error admit that the District Court made its ruling at the second trial in conformity with the decision rendered on the first writ of error, and with fairness state that they repeat the contention as to the validity of the search only for the purpose of protecting their position until the final determination of the case, unless the court may be persuaded to recede from its earlier view. We conclude at once that the former decision on the same point, made under the same charge on the same evidence, forecloses argument on the question. Hence the District Judge did not err in denying the motion to suppress the evidence referred to.

[2] The rulings of the District Court, in admitting the testimony of the witness Walter Brand and Jens Neilsen, over the objections of the accused, and in advising the jury that it might consider that evidence, are assigned as error. The evidence showed that Marron was the lessee of the flat at 1249 Polk street, and it fairly showed that he was the principal owner of the business of keeping and selling various kinds of intoxicating liquors therein from about September, 1923, until about the 1st of October, 1924. Brand had been the immediate predecessor of Marron in the business. He was first allowed to testify as to sales of liquor made there prior to the time that Marron took charge, and he also identified a number of items in the gray ledger as having been made by him, not in Marron's presence and not at the latter's direction. This testimony was objected to, and the objection was first overruled, but the testimony was later stricken out at the motion of the district attorney. The judge, both at the time of the granting of the motion to strike and at the conclusion of the evidence, instructed the jury to disregard the matter objected to. It is counsel's contention that, the testimony being improper and incompetent, its admission was prejudicial to the accused, and that the error was not cured by the giving of the instruction to the jury that

the testimony was to be disregarded. It is argued primarily that every error is deemed to be prejudicial. Such a presumption does not arise. In Simpson v. United States, 289 F. 188, this Court speaking through Judge Gilbert said:

"In reviewing a judgment in an appellate court, the burden is on the plaintiff in error to show that error in the admission of testimony was prejudicial," citing Rich v. United States (C. C. A.) 271 F. 566; Trope v. United States (C. C. A.) 276 F. 348; Haywood v. United States (C. C. A.) 268 F. 795. [3, 4] Admitting that had the testimony been allowed to remain with the jury the effect would have been to prejudice the defendant in his right to a fair trial, still it cannot be said in this case that the instruction of the court, twice given, was not sufficient to prevent any consideration being had of it. The presumption is that the jury will regard and obey the instructions of the judge. Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141. And where there is ample evidence to establish the guilt of a defendant and sustain a verdict, courts are not ready to indulge in finely drawn speculations to sustain a claim of prejudice, made where rulings like the one here considered are called into question. There was plain evidence to show Marron's connection with the flat and with the unlawful business at 1249 Polk street between the dates mentioned. He was the lessee of the premises and the evidence was sufficient to show that a large number of items in the gray ledger were written by him. And it was equally clear that these items constituted a part of the bookkeeping concerning the unlawful business being conducted at the Polk street address. Prejudice is not shown on account of this alleged error.

[5] The court allowed the government to show by Jens Neilsen that the witness had, in March, 1924, and on another occasion later, but within the time that Marron was concerned with the liquor selling business at the Polk street number, brought intoxicating liquor from a ship to Polk street and had been paid by Marron for that service. Under the charges made in the indictment, it was competent for the government to prove the conduct of Marron during all of the time that he was managing the Polk street business, which tended to show what intoxicating liquor he was keeping there and selling; and evidence of the procuring of the liquor and the delivery thereof to the Polk street establishment, and the payment to a person, hired by Marron to deliver it, of money for the service, was certainly competent as part and parcel

of the proof required to be made. The matters about which Neilsen testified were all of that nature, and there was no error in receiving the testimony.

The instructions to the jury, referred to in the statement of contentions as made by counsel for plaintiff in their brief, seem to be correct and pertinent under the evidence.

The judgment is affirmed.