**STROM v. UNITED STATES.**

No. 6351.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1931.

H. Sylvester Garvin, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

Appellant was indicted upon three counts for violation of the National Prohibition Law (27 USCA). In pursuance of a stipulation, he was tried by the court sitting without a jury, and was found guilty. He appeals from the judgment of conviction solely upon the ground that the evidence against him had been unlawfully procured in violation of the Fourth and Fifth Amendments of the Federal Constitution and that his petition to suppress this evidence, addressed to the court, was improperly denied.

It appears from the evidence that at about 1 p. m. on September 23, 1930, the day the appellant was arrested, the prohibition officers were notified by an anonymous telephone message that a still was being operated in the premises known as 1827 Terry avenue, in Seattle, Wash. The deputy prohibition administrator, W. H. Kinnard, directed a federal prohibition agent, Leonard Regan, to visit the premises and make a report. This he did at about 5:30 p. m. He found two large frame buildings, No. 1827 and No. 1825 Terry avenue, with a plank walk between them. When standing on this walk he could smell the odor of mash coming from the upstairs of No. 1825, and he could detect the odor of distilled liquors. He reported to the deputy prohibition administrator that he believed a still was being operated in the attic of 1827 Terry avenue. At 6 p. m. Kinnard and Regan visited the premises. When they arrived, as they testified, they "detected a distillery by the smell of mash and whiskey emanating from 1827 Terry avenue." They secreted themselves in an abandoned automobile and watched the premises until about 10 p. m., when they saw the light go off in apartment No. 6 in which the still was believed to be located. Shortly after, two men came down the back stairs of 1827 Terry avenue, looked up and down the alley in the rear of the premises and all around, and then returned to the house. Five minutes later two men came out again; one, named Nelson, carrying a flashlight, and the defendant, Strom, who was in his stocking feet, carrying a pasteboard carton such as bootleggers usually use, which

he put into the rear of a Chevrolet coupé standing four or five feet from the automobile in which the officers were secreted. When spoken to by the officers and told they were federal officers, defendant Strom ran away and was brought back by the officers. He was not placed under arrest until he was overtaken by the officers and brought back to the Chevrolet car. The officers then told him they wanted the balance of "the stuff." He gave them the key and showed them a shed in the rear of No. 1825 in which some whisky was stored. The officers then went upstairs on an outside stairway to an outside walk which extended across the rear of both buildings. From this walk, which they testified was open to the public, they looked through the open door of apartment No. 6 and saw several ten-gallon kegs covered with burlap; there were 20 barrels of mash and 90 gallons of whisky and a still there, and bottles and jugs all over the floor, and cartons similar to that already seized. They could see that the room was not used as a dwelling place. Defendant admitted the apartment was his, made no objection to the search, and assisted in it.

The primary question is whether or not the suspicious conduct of the defendant and his associate at the time and place justified his arrest and the search of the coupe. It is conceded by the appellant that if this arrest was justified that the subsequent search of the garage and apartment was justified and that the motion to suppress testimony properly denied. We have in this case the concurrence of a number of elements tending to arouse suspicion of the commission of an offense in the presence of the officers, some of which are missing in the cases cited by counsel. Here we have information furnished the officers that a still was being operated on the premises in question. This information is confirmed by the observation of the officers and later by two officers who detect the odor of mash and intoxicating liquor. Later two men emerge from the premises acting suspiciously, and apparently desirous of ascertaining that the way was clear. These men return in a few minutes with a package such as was known by the officers to be used in the illicit transportation of liquor; one of the men is in his stocking feet, the other carries a flash-light; they place the package in the rear of the waiting Chevrolet, and immediately upon being accosted by the officers, and upon being informed of their official character, the defendant runs away. Flight is always an

evidence of guilt and evidence thereof is received in the trial of criminal cases as some evidence tending to support a criminal charge. This evidence, supplemented by the observations of the officers as to the conduct of the defendant and the odor of liquor emanating from the premises, were considered by the trial court as sufficient to furnish a reasonable ground for them to suspect that a crime was being committed in their presence, thus justifying their arrest. The conclusion of the trial court is supported by substantial evidence and cannot be disturbed on appeal. Ex parte Morrill (C. C.) 35 F. 261, 267; Marron v. U. S. (C. C. A.) 8 F. (2d) 251; Id. (C. C. A.) 18 F.(2d) 218; Id., 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231.

Judgment affirmed.