## UNITED STATES v. GICINTO.

### No. 18424.

United States District Court
W. D. Missouri, W. D.
July 20, 1953.

See also, D.C., 13 F.R.D. 441.

Edward L. Scheufler, U. S. Atty., Hugh A. Miner, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Homer A. Cope and Donald W. Browne, Kansas City, Mo., for defendant.

REEVES, District Judge.

Diligent and able counsel has filed an extensive motion for a new trial and supported same with a carefully prepared brief. Counsel should be commended for his diligence and labor in a case where he was appointed by the court to defend an indigent defendant.

Counsel perceives numerous errors in the trial of the case, and because of these he believes that a new trial should be granted, and, moreover, it is his contention that the testimony was insufficient to justify the court in submitting the case to the jury. All of these will be noticed.

1. There is a renewed suggestion that the indictment itself is insufficient for the reason that it does not contain a formal

conclusion, that is to say that each of the offenses charged were committed against the United States of America. The answer to this complaint is that, by Rule 7 Federal Rules of Criminal Procedure and by paragraph (c) thereof, 18 U.S.C., the nature and contents of an indictment are prescribed. It is specifically provided concerning the indictment that, "It need not contain a formal commencement, *a formal conclusion* [emphasis mine] or any other matter not necessary to such statement." Even before the adoption and promulgation of this specific rule concerning indictment and when the old forms of indictment were in use, the Supreme Court of the United States in Frisbie v. United States, 157 U.S. 160, loc. cit. 168, 15 S.Ct. 586, loc. cit. 589, 39 L.Ed. 657, said:

"So far as respects the objection that the count does not conclude that the offense charged was 'contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the United States,' it is sufficient to say that such allegation, *which is one of a mere conclusion of law,* is not of the substance of the charge, [emphasis mine] and the omission is of a matter of form, which does not tend to the prejudice of the defendant, * * *."

A similar matter was presented to the District Court of Massachusetts, United States v. Brogren, 63 F.Supp. 702, loc. cit. 704. Judge Healey of the District Court upheld the indictment under the authority of the Frisbie case, supra.

■ 2. Earnest counsel has devoted much time to the evidentiary matter regarding a passport obtained by the defendant immediately preceding the commission of the alleged crimes. The passport was offered as evidence of flight. Such evidence is competent in the light of all the circumstances. It is succinctly stated in 22 C.J.S., Criminal Law, § 625, p. 956, that the "Evidence tending to show flight of accused after commission of the offense, and the attending circumstances, is admissible as bearing on the consciousness of guilt." And, in Strom v. United States,

50 F.2d 547, 548, the Court of Appeals for the 9th Circuit said in respect of the same subject matter:

"Flight is always an evidence of guilt and evidence thereof is received in the trial of criminal cases as some evidence tending to support a criminal charge."

In Shelton v. United States, 83 U.S.App. D.C. 257, 169 F.2d 665, 668, the court said: "Evidence of the flight was properly introduced".

■ Counsel's brief is devoted to this matter and that involving the charge of the court and the argument of counsel for the government. If the evidence was properly admitted (and it was) then clearly counsel for the government would have a right to comment upon the fact and it was the duty of the court to discuss the matter with the jury in the charge to the jury. The argument of counsel for the government complained against is not set out in the motion for a new trial and neither is it quoted in counsel's brief. The court does not recall any objectionable argument on the part of the assistant district attorney.

■ 3. The argument that there was no substantial testimony to warrant the verdicts of the jury is untenable. Three credible witnesses positively identified the defendant as having palmed off on them counterfeit Twenty Dollar bills. The jury believed these witnesses and returned verdicts of guilty against the defendant.

In the recent celebrated case of United States v. Rosenberg, 2 Cir., 195 F.2d 583, loc. cit. 592, the court said in respect of verdicts of juries:

"But where trial is by jury, this court is not allowed to consider the credibility of witnesses or the reliability of testimony. Particularly in the federal judicial system, that is the jury's province."

4. The allegations of the indictment were clear and concise. In substance they charged that the defendant on or about the 24th of August 1952 passed at three different places, on two different days, three counterfeit Twenty Dollar bills. The jury was made familiar with the accusation, both

in the trial and by the charge of the court. The simple and only question for the jury to determine was whether the defendant thus charged knowingly passed the counterfeit bills at the times and places mentioned in the indictment. This question was submitted to the jury in what appear to have been appropriate instructions, and the jury found the defendant guilty. All of the essential elements of the charge were submitted to the jury in the instructions.

5. The complaint is urged that a newspaper publication was made during the progress of the trial and that the account referred to another indictment against defendant for a like offense at Denver, Colorado. There was not a line of evidence that any member of the jury had read the newspaper comments. Moreover, the decisions are numerous to the effect that the reading of newspapers by jurors is not a ground for granting a new trial. See Bratcher v. United States, 4 Cir., 149 F.2d 742.

An examination of the indictment and briefs of counsel and a review of the evidence in the case justifies the conclusion that the defendant was fairly tried upon a valid indictment before an impartial jury and that the verdicts of the jury on the three counts of the indictment should be upheld. The motion for a new trial should be and will be overruled.