Morris H. KAMINSKY, Appellant,

v.

UNITED STATES of America, Appellee.

Leonard J. SACHS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17464, 17469.

United States Court of Appeals Fifth Circuit.

April 23, 1959.

Rehearing Denied June 11, 1959.

H. A. Stephens, Jr., Atlanta, Ga., Smith, Field, Doremus & Ringel, Atlanta, Ga., of counsel, for appellants.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

The defendants, Sachs and Kaminsky, charged with, and convicted, respectively, of giving and of receiving, a bribe in violation of Title 18, §§ 201–202, are here seeking, on three argued grounds of error a reversal of the judgments against them. These grounds are:

(1) The denial of defendants' motions for judgment of acquittal;

(2) The admission of evidence as to the payment of a portion of Kaminsky's hotel bill;

(3) The failure to grant a new trial because the evidence of Hale, the witness mainly relied on to convict defendants, was demonstrated to be unworthy of belief, and because the verdict reflected bias and prejudice against the defendants.

Meeting the first ground by pointing to the positive testimony of Hale as to the corrupt agreement between the defendants and its corrupt carrying out by the passing of money from Sachs to Kaminsky which, notwithstanding its contradiction by the defendants, if believed by the jury, required their conviction, the United States confidently insists: that the evidence required the submission of the case to the jury and that there was no basis whatever for the motions for acquittal.

With equal assurance and upon the same general considerations, it urges upon us that the appellants' attack upon the failure of the district judge, in an essentially fact case, to grant a new trial for want of sufficient evidence is wholly without substance.

Finally, as to the claim of error in admitting into evidence the testimony as to the payment of part of Kaminsky's hotel bill, the United States insists that the testimony was admissible both as independent and as impeaching evidence.

Upon full and careful consideration of appellants' claims of error, in the light of the record, the briefs and the arguments, we are of the clear opinion that, in fact and in law, the case was not one for a directed verdict, and the judge did not err in denying the motions for judgment of acquittal.

In regard, however, to appellants' claim that the court should have granted a new trial because the case was prejudiced by testimony improperly received in evidence, over defendants' objection, as to payment by Fulton Trouser Company of a part of appellant Kaminsky's hotel bill, the matter stands quite differently.

This is not to say that merely viewed abstractly and apart from the evidence as a whole, the error of admitting this evidence must necessarily have been regarded as fatal. It is to say, though, that, considering the error of admitting it in connection with the proven character of Hale, the government's chief witness, and the nature of his testimony, matters which the judge, in his fair and careful charge, fully recognized, it is impossible to avoid the conclusion that the error of admitting the testimony was greatly prejudicial, indeed fatal, to the defense.

When the evidence was first offered by the government in its testimony in chief and as independent evidence of defendants' guilt under the indictment, the court sustained defendants' objections and properly excluded it as without pertinence, inadmissible, and highly prejudicial. Later, after Kaminsky had taken the stand and, to the question whether his hotel bill at the Georgia Hotel was paid for and taken care of by Leonard Sachs or one of his affiliated companies, had answered, "No, sir, I paid the bill." and that if any part of it was paid by anyone he had not known of it, the district judge admitted, as impeaching evidence testimony, that $27.81 of his total bill of $65.76 had been transferred to the bill of one Harry Sachs and that Sachs' bill was paid by the Fulton Trouser Company, for whose benefit it was claimed the bribe had been paid to and received by Kaminsky.

Not the first instance in which an over-anxious prosecutor, not content with the quite favorable situation resulting from his eschewing error and staying safely within the bounds of the law, has overshot the mark and, by inducing error, has released the defendants from the pit he had digged for them, this is quite an impressive one. For early and late, without variableness, neither shadow of turning, this and other courts [1] have ruled as the district judge did on the first offer of the evidence, that such proof was inadmissible in chief, and it was only by over-insistence and over-persuasion that the prosecutor finally obtained the ruling here complained of on the ground that the proof was admissible against both defendants as impeaching evidence.

The evidence offered both as tending to prove the commission of the crime charged and for impeachment, but rejected for the first, and admitted for the latter, purpose, did not have a tendency to prove the commission of a crime, either that charged or any other, and it was not admissible for impeachment. Its only tendency was to prove sponging, mooching or cadging shabby conduct of the kind then challenging public attention, conduct which, though not criminal, was distasteful and offensive and was peculiarly calculated to prejudice the particular jury against the particular defendants.

In short, the government used the challenged evidence, as it did in Blumberg's case, note 1, supra, to get before the jury, and secure the benefit of testimony as to, matters which, though not in themselves criminal and, because without relevance to the issues tendered for trial, not admissible as impeaching evidence, nevertheless were calculated to and almost certainly did arouse the prejudices of the jury and evoke from it the desired response to the pleas for conviction.

For the error above pointed out, the judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

---

1. Cases from this court so holding are Railton v. United States, 5 Cir., 127 F.2d 691, and Blumberg v. United States, 5 Cir., 222 F.2d 496, at page 500. Cases from other circuits are Massei v. United States, 1 Cir., 241 F.2d 895; Crinnian v. United States, 6 Cir., 1 F.2d 643; Farkas v. United States, 6 Cir., 2 F.2d 644; and Filiatreau v. United States, 6 Cir., 14 F.2d 659.