**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Harold R. WILSON,
Defendant-Appellant.**

No. 51798.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1987.

---

1. The pertinent statute now appears in RSMo 1986.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Harold R. Wilson, was convicted after a jury trial of assault first degree and armed criminal action. He was sentenced to a term of 25 years' imprisonment on the assault conviction and a consecutive term of 7 years on the armed criminal action conviction. Defendant appeals. We affirm.

On October 29, 1985 at 10:30 p.m. Mr. Henry Wurtz was awakened at home by an argument between his wife and the defendant at his front door. After asking defendant to leave, Mr. Wurtz locked the door and he and his wife went to bed. At approximately 12:00 midnight, Mr. Wurtz awakened to see the defendant standing in the doorway of his bedroom with a rifle. The defendant said, "Don't move. Or I'll shoot." Mr. Wurtz stood up and the defendant shot him eight times with a .22 caliber rifle. The day after the shooting, the defendant turned himself in to the police and informed them that his wife would bring in the rifle. He admitted at trial that he shot Mr. Wurtz with "the .22 caliber rifle."

Evidence was adduced at trial that the defendant had been having an affair with Mrs. Wurtz. On April 10, 1986 defendant escaped from confinement in the Franklin County Sheriff's Department Jail to meet Mrs. Wurtz. The defendant was arrested and returned to custody three days later.

Defendant first alleges that the trial court erred in refusing to submit his Instruction A to the jury. Defendant argues that "escape" from jail is distinguishable from "flight" and therefore his instruction was proper. He further contends that because the instruction was not given, the law on the relevance of escape was not adequately presented to the jury.

Defendant's refused Instruction A stated:

Evidence has been introduced that defendant escaped from jail while in custody pending the trial of these charges. While evidence of defendant's escape from jail may bear on the issue of his guilt of the charges on trial, and may be consistent with an inference of guilt, such evidence is not sufficient, on its own, to support a conviction or to provide substantial evidence to exclude every reasonably [sic] theory of defendant's innocence.

This instruction is prohibited by MAI–CR 5.40 (effective 1–1–79) which states that a "flight" instruction may never be given.

No so-called flight or counter-flight instruction may be given. This rule applies both to (1) instructions permitting the jury to consider or draw inferences from a defendant's flight in determining his guilt or innocence, and (2) those directing the jury's attention to any explanation or excuse for what appears to have been flight.

Evidence of a defendant's flight and any explanation or excuse therefor is admissible. In addition, counsel may draw the jury's attention to the evidence and argue permissible inferences or lack of them to the jury.

Defendant's attempt to differentiate between "flight" and "escape" has no merit.

This case is factually similar to *State v. Medley*, 588 S.W.2d 55 (Mo.App.1979). In *Medley*, the defendant also escaped from jail prior to trial. The defendant had proposed a jury instruction, *inter alia*, which stated that "The intentional flight ... of a defendant ... after he is accused of a crime ... is not of course sufficient in itself to establish his guilt; but is a fact which, if proved, may be considered by the jury...." *Medley*, 588 S.W.2d at 60. In refusing to allow the instruction, the court said the defense was "attempt[ing] to school the jury as to inferences which may be drawn from the defendant's flight. Thus [the] instruction ... is prohibited by clause (1) of MAI–CR 5.40." *Id.* Implicit in this holding is the court's reasoning that there is no legal difference on this issue between "escape" and "flight." Both involve what may be an effort to avoid prosecution. Defendant's first point is denied.

Defendant's second point is that the trial court erred in admitting into evidence the .22 caliber rifle given to police by Defendant's wife. An extended opinion on this point would have no jurisprudential value. Point two is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.