**STATE of Missouri, Respondent,**

v.

**Michael E. DENNEY, Appellant.**

**No. WD 38472.**

Missouri Court of Appeals,
Western District.

March 17, 1987.

Thomas R. Motley, Public Defender–10th Cir., Hannibal, for appellant.

William L. Webster, Atty. Gen., and John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and SHANGLER and GAITAN, JJ.

SHANGLER, Judge.

The defendant appeals from convictions of first degree assault [§ 565.050, RSMo 1978, repealed and reenacted in 1984] and second degree assault [§ 565.060, RSMo 1986] and from concurrent sentences of ten years and seven years respectively.

The charges of offense and convictions arise from an incident on September 4, 1984, when the defendant Denney repeatedly struck his wife and mother-in-law with a crowbar. The defendant was charged with the first degree assault of the wife and with the second degree assault of the mother-in-law. He does not complain of error as to the conviction for second degree assault against the mother-in-law. He does contend that the evidence showed that he acted under *extreme emotional disturbance*, a proof which mitigated the offense to second degree assault. The defendant contends, therefore, that the conviction for the offense against the wife was properly second degree assault.

The defendant refers to and argues the effect of § 565.060.1(3)(a), RSMo 1978:

1. A person commits the crime of assault in the second degree if:

. . . .

(3) He attempts to kill or to cause serious physical injury or causes serious physical injury under circumstances that would constitute assault in the first degree under section 565.050, but (a) *Acts under the influence of extreme emotional disturbance for which there is a reasonable explanation or excuse.* The reasonableness of the explanation or excuse shall be determined from the viewpoint of an ordinary person in the actor's situation under the circumstances as the actor believes them to be; or

. . . .

2. The defendant shall have the burden of interjecting the issues of extreme emotional disturbance ... or belief in circumstances amounting to justification.... [emphasis added]

The defendant argues that "there was ample evidence of [his] 'extreme emotional disturbance' " and hence the conviction was error. The offense was tried to the court, and that trier of facts determined the evidence on the issue against the contention. We accord determinations of fact in a case tried to the court the same deference as to a jury verdict, and sustain the judgment if supported by substantial evidence. *State v. Isom*, 660 S.W.2d 739, 740[1] (Mo.App.1983). The argument of the defendant fails for a more fundamental reason: *the extreme emotional disturbance* factor to mitigate a first degree as-

sault to a second degree assault was no longer in effect on September 4, 1984, the date of the criminal conduct alleged against the defendant, but had been replaced by *sudden passion arising out of adequate cause.*

Assault first degree § 565.050 and assault second degree § 565.060 were cognate as originally enacted into our Criminal Code, effective January 1, 1979, and continue to be interrelated. That version of enactment mitigated a first degree assault committed under the influence of *extreme emotional disturbance* to a second degree assault under that § 565.060. These two cognate sections were repealed in 1983, and two new sections numbered 565.050 and 565.060 were enacted *in lieu.* Assault first degree remained a class A felony, but assault second degree became a class C felony. The new assault second degree § 565.060 changes the mitigation factor from *extreme emotional disturbance* to *sudden passion arising out of adequate cause.* The effective date of new assault §§ 565.050 and 565.060 was July 1, 1984. The effective date of both sections was deferred to October 1, 1984 by S.B. 448 [Laws 1984, p. 757]. Thereafter the effective date of new assault second degree § 565.060 was accelerated to August 13, 1984. Thus, at the time of the criminal conduct alleged against the defendant—September 4, 1984—the definition of offense which obtained was the second degree assault as rendered by S.B. 276 [Laws 1983, p. 931], effective August 13, 1984. The definition of second degree assault then extant, therefore, did not include the mitigator, *extreme emotional disturbance.*[1] *See* MAI–CR2d 19.02.1–84, Notes on Use 1 (B). The defendant does not argue that he acted *under the influence of sudden passion arising out of adequate cause*—the only factor § 565.060 in effect recognizes to mitigate a first degree assault committed on September 4, 1984 to a second degree assault. Nor could he.

There is simply no evidence that the defendant acted under the influence of sudden passion to inflict injury on his wife.

*Sudden passion* means passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation. § 565.002(7), RSMo 1986. *Adequate cause* means cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control. § 565.002(1), RSMo 1986. The defendant bears the burden to inject the issue of *sudden passion arising from adequate cause.* § 565.060.2, RSMo 1986. If injected, that issue is not submissible to the trier of fact unless supported by evidence. § 556.051(1), RSMo 1986.

The evidence was that the defendant and his wife had a discordant marriage, and after an argument, the wife left the family home. She returned with her mother to retrieve some clothes. The defendant asked to see her privately, and the mother left to wait in the car. While the wife looked for a particular dress, the defendant confronted her with a list of the pros and cons of the marriage. He then angrily threatened to sue her. The defendant then produced a crowbar and shattered her legs, lacerated her scalp, and inflicted numerous other injuries. The mother heard screams, entered the home, and was then assaulted by the defendant and grappled for the crowbar. In the course of that episode, the mother addressed the defendant son-in-law: "Michael, do you think that God wants you to do what you're thinking of doing?" With that, the defendant threw down the crowbar, commenced to weep, and threw his arms around his mother-in-law. He then helped his wife into the car and accompanied both women to the hospital.

The defendant chose not to testify, but presented evidence of his mental condition.

**1.** The argument of the defendant that the *extreme emotional disturbance* mitigator governed both the conduct and the evidence, of course, results from the view that the legislative history of second degree assault § 565.060 arrests with

S.B. 448 [Laws 1984, p. 757], which deferred the effect of *both* § 565.050 and § 565.060 to October 1, 1984. It is a mistake understandable and abetted by the labyrinthine course of enactments.

924

There was evidence that he had been treated for schizophrenic paranoia, but that diagnosis was challenged by the prosecution expert. There was psychiatric defense testimony that the defendant had related that before both assaults, he envisioned his wife and mother-in-law as demons and heard the voice of Jesus. The prosecution psychiatrist did not believe that the defendant was suffering delusions when he attacked the women.

■ The evidence, given its best intendment, did not prove a submissible issue of sudden passion arising out of adequate cause within the statutory definitions. It was, moreover, an issue not injected by the defendant, and if injected, was nevertheless subject to rejection by the trier of fact.

The convictions are affirmed.

All concur.