UNITED STATES of America, Appellee,

v.

Peter J. KLAUER, Appellant.

No. 87–1846.

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1988.
Decided Sept. 14, 1988.

Kermit L. Dunahoo, Des Moines, Iowa, for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, Circuit Judge, ROSS, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Peter J. Klauer was convicted by a jury of obstruction of justice, 18 U.S.C. §§ 2 and 1503, intimidation of a federal witness, 18 U.S.C. §§ 2 and 1512(a)(1), and conspiracy to threaten or intimidate a federal witness, 18 U.S.C. § 371. Klauer was sentenced to four years confinement on the intimidation of a federal witness charge and three years confinement on each of the other two counts, with all of the terms to be served concurrently.

Michael Bradley was the key witness for the prosecution at appellant's trial. Bradley had been arrested on several counts of drug-related offenses involving distribution of cocaine in Dubuque, Iowa. As part of a plea bargain Bradley agreed to plead guilty to one count of conspiracy to possess and distribute cocaine while the remaining three counts against him were dismissed. In addition, Bradley agreed to cooperate with investigators of the Dubuque drug investigation. During the debriefing following his guilty plea, Bradley disclosed evidence that appellant had assisted in the intimidation of a witness who was to testify for the government at Bradley's criminal trial. It was this evidence which led to appellant's indictment in the instant case.

At appellant's trial, Bradley detailed the circumstances of his plea agreement, including the reduction of charges against him with a concomitant maximum sentence reduction from eighty to fifteen years. Additionally, Bradley testified that as part of his plea agreement he was required to continue to cooperate fully and truthfully with the authorities or the three dismissed counts would be reinstated.

On cross-examination, defense counsel sought to introduce evidence of specific sentencing concessions which Bradley received as a result of his cooperation with the government. In order to do so, defense counsel offered into evidence the transcript of the judge's remarks at the sentencing hearing which provided:

> Were it not for your postarrest conduct in this case, your willingness to cooperate with the Government, and the apparent conversion that you have had with respect to your use of this drug, the Court believes that a sentence to confinement of five or six or seven years would be well within the Court's discretion. But the Court must weigh and give credit to your postarrest conduct.

The government objected to the admission of the transcript on relevancy and hearsay grounds.

After careful consideration, the trial court[1] ruled that the proffered transcript made by the sentencing court was irrelevant to the issue of Bradley's motive for cooperating with the government. However, the trial court did allow the defense to use the sentencing transcript to refresh Bradley's recollection concerning his earlier testimony that he was unaware that he had received any concessions in his sentence as a result of his cooperation with the government. Indeed, after given an opportunity to review the sentencing transcript, Bradley admitted that his prior testimony was in error and that he had received sentencing considerations as a result of his post-arrest cooperation.

On appeal, appellant argues that the district court erred in refusing to admit the sentencing transcript. According to appellant, the transcript was relevant to show Bradley's bias and motive for continued fabrication since he had in fact received a sentencing concession due in large part to his post-plea cooperation with the government. Appellant asserts that the restriction on his cross-examination of Bradley

---

**1.** The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

deprived him of his constitutional right to confront witnesses.

■ It is well established that the sixth amendment to the United States Constitution guarantees a defendant's right to fully and adequately cross-examine the witnesses against him. *United States v. Wilson*, 787 F.2d 375, 386–87 (8th Cir.), *cert. denied*, 479 U.S. 857, 107 S.Ct. 197, 93 L.Ed. 2d 129 (1986), (citing *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974)). The Supreme Court has recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678–79, 106 S.Ct. 1431, 1435–36, 89 L.Ed.2d 674 (1986). The limitation of cross-examination results in constitutional error where "[a] reasonable jury might have received a significantly different impression of [the witness'] credibility had respondent's counsel been permitted to pursue his proposed line of cross-examination." *Id.* at 680, 106 S.Ct. at 1436; *United States v. Dempewolf*, 817 F.2d 1318, 1321 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 245, 98 L.Ed.2d 203 (1987). The availability of other opportunities to elicit the same information on cross-examination is significant in determining whether a defendant's constitutional rights have been violated. *United States v. Dempewolf, supra*, 817 F.2d at 1321. Trial judges retain broad discretion insofar as the confrontation clause is concerned to limit the scope of cross-examination based on concerns of harassment, prejudice, confusion of the issues or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall, supra*, 475 U.S. at 679, 106 S.Ct. at 1435–36. A trial court's decision to limit cross-examination will not be reversed "unless there has been a clear abuse of discretion and a showing of prejudice to defendant." *United States v. Lee*, 743 F.2d 1240, 1249 (8th Cir.1984).

■ In the case before us, appellant asserts that the trial court unconstitutionally limited the scope of the cross-examination when it denied him the opportunity to question Bradley about the specifics of his sentencing concessions. He argues that although the jury was aware that Bradley had a plea agreement with the government and that he had received sentencing concessions for his cooperation, the magnitude of the sentencing consideration was relevant for the jury to realistically test Bradley's reliability. Appellant asserts that had the extent of Bradley's reward been made known the jury might have received a significantly different impression of Bradley's credibility under the *Van Arsdall* rationale.

We find appellant's argument to be without merit. Although there is no doubt that Bradley's testimony was an important part of the prosecution's case, the record discloses that the appellant had more than ample opportunity to cross-examine Bradley as to his bias, motive and overall unreliability as a witness. The record shows that Bradley was extensively cross-examined on matters such as his cocaine use, his inconsistencies in prior testimony, his admission to a mental health unit, and his lies to the police and his own attorney. Furthermore, the record shows that the jury was aware of the details of Bradley's plea agreement with the government, including the dismissal of three of the four charges against him as well as the reduction of Bradley's maximum sentence from eighty to fifteen years. The jury also knew that as part of the plea agreement, Bradley was required to continue to cooperate fully and truthfully with the investigators or the plea agreement would be rescinded and the three dismissed counts reinstated.

■ Substantial evidence was admitted tending to show Bradley's motive in testifying for the government. First, Bradley testified on cross-examination that he believed that his cooperation with the government might result in sentencing concessions. Furthermore, Bradley testified that he had in fact received sentencing concessions due to his cooperation. The only information contained in the sentencing transcript which was not elicited through Bradley's testimony was the sentencing judge's remark that he had reduced an

otherwise five to seven year sentence to three years, due not only to Bradley's cooperation with the government but also to Bradley's successful drug rehabilitation.[2] Evidence of the specific sentencing considerations was cumulative of other evidence elicited upon lengthy cross-examination and was irrelevant as evidence of Bradley's motive. Such evidence would not have significantly impacted the jury's impression of Bradley's credibility. *See Delaware v. Van Arsdall, supra,* 475 U.S. at 680, 106 S.Ct. at 1436. The thorough cross-examination to which Bradley was subjected was more than sufficient to satisfy constitutional requirements. *See United States v. Dempewolf, supra,* 817 F.2d at 1321.

We conclude that the district court did not violate appellant's confrontation clause rights nor abuse its discretion in limiting the cross-examination. Accordingly, the judgment of the district court is affirmed.

---

**2.** The record reveals that Bradley was never asked how many years of imprisonment he received. Instead, defense counsel sought to introduce evidence of the specific sentencing concessions, evidence which was only admissible through the sentencing transcript or by the testimony of the sentencing judge himself. The district court ruled only that the specific sentencing concessions were immaterial and irrelevant.