**Harold A. WILSON, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56872.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1990.

Lew A. Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal of the denial of a Rule 27.26 motion after an evidentiary hearing. We affirm.

A detailed summary of the facts of this case is available in the opinion of this court affirming appellant's conviction on direct appeal. *State v. Wilson*, 725 S.W.2d 932 (Mo.App.1987). In brief, the appellant Harold Wilson was convicted of assault first degree and armed criminal action for shooting Henry Wurtz eight times. Sections 565.050 and 571.015 RSMo 1986. On October 29, 1985, the victim was awakened at 10:30 p.m. by an argument between the appellant and the victim's wife. After asking the appellant to leave, the victim and his wife went to bed. At approximately 12:00 midnight, Mr. Wurtz awakened to see the appellant standing in the doorway of his bedroom with a rifle. At trial, the appellant admitted shooting Mr. Wurtz. Evidence was adduced at trial that the appellant was having an affair with Mrs. Wurtz.

Appellant based his Rule 27.26 motion on a variety of claims including that defense counsel was ignorant of what mitigating factor reduced first degree assault to second degree assault. At trial, defense counsel set about to prove "extreme emotional disturbance" to mitigate the offense. The prosecutor objected and informed the court that "extreme emotional disturbance" is no longer the mitigating factor but that "sudden passion" is the mitigating factor. At the evidentiary hearing, the defense counsel admitted that he had to stop this line of questioning at trial because the statute had changed the mitigating factor from "extreme emotional disturbance" to "sudden passion." The motion court did not make a specific finding on this issue but concluded that appellant's counsel was 1) an "experienced criminal defense attorney" 2) that his conduct "conformed to the care and skill that a reasonably competent attorney would exercise while rendering the same service under the same or similar circumstances," and 3) "after considering the evidence, movant's attorney presented the best and most plausible defense." Thus, movant's motion for ineffective assistance of counsel was denied.

Appellant's only point relied on claims that the motion court erred in denying his 27.26 motion because defense counsel based his defense on the mitigating factor of "extreme emotional disturbance" which was an invalid defense under the law and that appellant was thereby prejudiced.

Although the motion court's findings were not itemized to each matter pleaded, they are sufficient to satisfy the requirements of Rule 27.26(i) that permits generalized findings as long as they are sufficient to enable this court to review movant's contentions. *Seltzer v. State*, 694 S.W.2d 778 (Mo.App.1985).

In order to prevail upon a claim of ineffective assistance of counsel, movant has a heavy burden. It must be shown that (1) his attorney failed to exercise that customary skill and diligence that a reasonably competent attorney would under similar circumstances and (2) he was prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Thus, counsel's performance must be deficient and counsel's deficiencies must prejudice the defendant. The movant is required to make both showings. *Sanders, supra*, 738 S.W.2d at 857.

Appellate review is limited to determining whether the findings, conclusions, and order of the court are clearly erroneous. Rule 27.26; *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). A finding is clearly erroneous when the reviewing

court is left with the definite and firm conviction that a grave mistake has been committed. *Shaw v. State*, 766 S.W.2d 676, 680 (Mo.App.1989). In deciding whether a court's ruling is erroneous, the judge, as the trier of fact, is free to determine the credibility of witnesses and evidence. *Shaw*, 766 S.W.2d at 680.

Clearly defense counsel has a duty to be familiar with the elements, the defenses, and the mitigating factors to the crime for which the defendant is being tried. In the case at bar, appellant alleges that defense counsel based his defense on the invalid mitigating factor of "extreme emotional disturbance." In perusing the record, we find that defense counsel argued the valid defense of lack of intent to kill or cause serious physical injury. Although during the direct examination of the defendant, defense counsel seemed to try to elicit facts to prove the invalid defense of "extreme emotional disturbance," defense counsel's theory of the case seems to be that the defendant lacked intent. The choice of which defense to use is a matter of trial strategy, and the choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Sanders*, 738 S.W.2d at 858. Even if defense counsel was not aware that the statutory mitigation of first degree assault was changed from "extreme emotional disturbance" to "sudden passion," there was no evidence, as appellant readily admits, to support the mitigating factor of "sudden passion." Thus, the defendant suffered no prejudice if defense counsel was mistaken as to the mitigating factor. The findings of the motion court are not clearly erroneous. Point denied.

The judgment is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.