**Harold R. WILSON, Appellant,**

**v.**

**Bill ARMONTROUT, Appellee.**

**No. 91–2418.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1992.

Decided April 24, 1992.

---

Curtis Blood, Collinsville, Ill., argued, for appellant.

Frank Jung, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

WOLLMAN, Circuit Judge.

Harold R. Wilson appeals from the decision of the district court[1] denying his petition for habeas corpus. We affirm.

## I.

Wilson had been involved in an affair with Patricia Wurtz, the wife of his friend, Henry Wurtz. On the evening of April 28, 1986, Henry was napping on the couch when he was awakened by the sound of Wilson and Patricia arguing at the front door. Wilson had been drinking, and Henry told him to leave. Henry then locked up the house, and he and Patricia went to bed. Later, he was awakened by a noise and looked up to see Wilson standing in the door of the Wurtz' bedroom holding a .22 caliber rifle. Wilson, who had by this time consumed between fourteen and eighteen beers, said, "Don't move. Or I'll shoot." Henry stood up, whereupon Wilson shot him eight times in less than a minute, seriously wounding him.

---

1. The Honorable John F. Nangle, United States Senior District Judge for the Eastern District of Missouri.

Wilson was charged with first degree assault and armed criminal action. At trial, Wilson's defense counsel attempted to show that Wilson had acted under an extreme emotional disturbance, believing that this mitigating factor would reduce the crime from first degree to second degree assault. The prosecution objected, arguing that evidence of an extreme emotional disturbance was irrelevant because Missouri law had changed. Sudden passion had replaced emotional disturbance as the mitigating factor.

The jury convicted Wilson of both crimes, and he was sentenced to thirty-two years' imprisonment. Wilson appealed, and his convictions were upheld. *State v. Wilson*, 725 S.W.2d 932 (Mo.Ct.App.1987). Wilson then filed a motion for post-conviction relief. *Wilson v. State*, 786 S.W.2d 205 (Mo. Ct.App.1990). Patricia Wurtz testified at Wilson's post-conviction hearing that she saw an object in her husband's hand on the night of the shooting, that he "appeared to be going after someone," and that after the shooting her husband told her to get rid of the knife. Wilson testified that he had been in the Wurtz' bedroom on previous occasions and knew that Henry kept a pistol and other weapons in the room. Wilson's attorney testified that he did not raise self-defense because Patricia Wurtz had told him that she would refuse to testify at trial. The attorney thought there was no possibility he could establish "even a minimal foundation" for self-defense. The attorney further testified that he knew from the police report that a knife had been found in the bedroom.

Wilson then petitioned the district court for a writ of habeas corpus, alleging that his counsel was ineffective and that his constitutional rights had been infringed. The district court referred the petition to a magistrate judge,[2] who recommended that the petition be denied without further proceedings. The district court adopted the magistrate's report with slight modification and denied the petition.

## II.

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 342, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980)). Thus, we review the district court's legal conclusions de novo and its factual findings for clear error. *Couch v. Trickey*, 892 F.2d 1338, 1341 (8th Cir.1989). A state court's factual findings made in the course of deciding a claim of ineffective assistance are presumed correct. 28 U.S.C. § 2254(d); *Couch*, 892 F.2d at 1341.

■ To prevail on his claim of ineffective assistance of counsel, Wilson must show that the performance of his counsel was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To make the first portion of this showing, Wilson must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. To make the second portion of this showing, Wilson must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

When reviewing the adequacy of counsel's performance, we must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. at 2065. We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). "In short, '[j]udicial scrutiny of counsel's performance must be highly deferential, and we will not second-guess an attorney's trial strategy.'" *Huls*

---

**2.** The Honorable Frederick R. Buckles, Magis-    trate Judge for the Eastern District of Missouri.

v. Lockhart, 958 F.2d 212, 214 (8th Cir. 1992) (citations omitted).

## III.

Wilson first claims that his trial counsel was ineffective because the attorney asserted a defense based on emotional distress and failed to assert a defense based on sudden passion. Emotional distress was, until 1983, a mitigating factor under Missouri law, reducing first degree assault to second degree assault. See Mo.Rev. Stat. § 565.060 (1979 & Supp.1992) (rewritten 1983, amended 1984). Missouri law, however, had changed, and the mitigating factor was, at the time of the shooting, sudden passion. See id. (1984 version); see also State v. Denney, 725 S.W.2d 921, 923 (Mo.Ct.App.1987).

■ Sudden passion "means passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." Denney, 725 S.W.2d at 923 (citing Mo.Rev.Stat. § 565.-002(7)). Clearly, a defense based on sudden passion would have failed, since neither Henry nor Patricia Wurtz provoked Wilson's actions. Neither did any passion that may have influenced Wilson arise at the time of the shooting. Thus, counsel's decision not to pursue a defense based on sudden passion was a strategic decision that we will not second-guess.

■ Wilson next contends that his counsel was ineffective for not presenting a claim of self-defense at trial. We do not agree. "A defense attorney is not ineffective for not presenting an implausible theory of defense or mitigation." Lashley v. Armontrout, 957 F.2d 1495, 1498 (8th Cir. 1992). Wilson's defense counsel testified at the post-conviction hearing that Patricia Wurtz had told him she would not testify at the trial. Without her testimony, this defense would have rested on a notation in the police report that a knife was found in the bedroom and on Wilson's testimony that he knew Henry Wurtz kept weapons in the bedroom. In view of the scanty, if not non-existent, evidence in support of a self-defense claim, counsel's decision not to pursue a self-defense claim falls well within the "wide range of reasonable professional assistance" set out in Strickland.

■ Wilson next argues that his trial counsel was ineffective for not requesting that a lesser included offense instruction be presented to the jury. The district court found that Wilson had not appealed this claim in state court and was, therefore, procedurally barred from asserting the claim in federal court. See 28 U.S.C. § 2254(b) (writ shall not be granted unless applicant has exhausted state court remedies). The district court found that Wilson had not demonstrated that any adequate cause existed to excuse his failure to assert this claim on appeal. See Laws v. Armontrout, 834 F.2d 1401, 1415 (8th Cir.1987) (petitioner must show "adequate cause to excuse his failure to raise the claim in state court"), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Wilson counters that the reason he did not raise the issue before the Missouri Court of Appeals was that his counsel in the state appeal was ineffective. The district court found, and we agree, that Wilson's counsel in the state appeal made a strategic decision to pursue only the strongest claims and drop several others, including this claim. Thus, Wilson waived his right to appeal the issue in state court and is now procedurally barred from asserting the claim in federal court.

■ Finally, Wilson argues that he was denied due process because the charging information did not track the language of the statute. The information charged that Wilson "attempted to kill or cause serious physical injury" instead of charging that he "attempted to kill or knowingly cause serious physical injury" to Mr. Wurtz. We reject this argument as without merit. The magistrate judge found that the information adequately notified Wilson of the charges he would face at trial, and we agree.

We thank appointed counsel for his diligent efforts in this appeal.