**Dennis Edward DREW, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 94–2348.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Feb. 1, 1995.

Elizabeth U. Carlyle, Lee's Summit, MO, argued, for appellant.

E. Eugene Harrison, Kansas City, MO, argued, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

BOWMAN, Circuit Judge.

Dennis Edward Drew appeals the final judgment entered in the District Court[1] denying his 28 U.S.C. § 2255 (1988) motion for relief from his sentence. For the reasons set forth below, we affirm.

Drew was convicted of conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1988); distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (1988); and attempting to kill a government witness in violation of 18 U.S.C. § 1512(a)(1)(A) (1988). The District Court departed upward from the 108–month maximum guideline sentence, and imposed a sentence of 180 months. Drew appealed his conviction and sentence and this Court affirmed. *See United States v. Drew*, 894 F.2d 965 (8th Cir.) (*Drew I*), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990).

In 1992, Drew filed a motion under 28 U.S.C. § 2255, asserting the following claims: (I) the District Court erred in departing upward from the sentencing guidelines; (II) the extent of the District Court's upward departure was unreasonable as a matter of law; (III) he received ineffective assistance of counsel at trial; (IV) he received ineffective assistance of counsel at sentencing; (V) he received ineffective assistance of counsel on appeal; (VI) his sentence was based on a greater quantity of drugs than he was shown at trial to have possessed; (VII) the government failed to disclose exculpatory evidence at trial; and (VIII) his sentence was improperly enhanced for possession of a weapon.

The District Court held that claims I, VI and VIII had been raised and decided on direct appeal and therefore were barred. Because Drew does not challenge the District Court's dismissal of those claims, they are not before us. The District Court refused to review claims II and VII, holding that both claims were barred because they could have been raised on appeal but were not. Finally, the District Court rejected claims III, IV and V as meritless.

On appeal, Drew reasserts his ineffective assistance of counsel claims (claims III, IV and V). In addition, he asserts that the District Court erred in refusing to review the reasonableness of the extent of its upward departure (claim II), and the government's failure to disclose exculpatory evidence (claim VII). We address each of these issues in turn.

## I.

■ We review claims of ineffective assistance of counsel *de novo*, and the District Court's findings of underlying predicate facts for clear error. *Iron Wing v. United States*, 34 F.3d 662, 664 (8th Cir.1994). To prevail on his ineffective assistance of counsel claims, Drew must show both deficient performance and prejudice; that is, Drew must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir.) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), *cert. denied*, —— U.S. ——, 113 S.Ct. 383, 121 L.Ed.2d 293 (1992). Having thoroughly reviewed the record, we conclude that Drew's ineffective assistance claims must fail because he has not shown that he was prejudiced by the alleged errors of his counsel.

### A.

■ Drew asserts first that his trial counsel was ineffective because she advised him not to testify at trial. Drew claims that had he not been dissuaded by counsel he would

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

have testified that it was not his idea to kill the government's witness but rather that the idea was suggested to him by the government's cooperating witness, Frank Biondo. In addition, Drew claims that he would have denied that he had any connection to the drug house from which he allegedly sold drugs. It comes as no surprise to discover that, had he testified, Drew would have denied the allegations lodged against him. Drew's counsel found this testimony to be less than compelling, and advised Drew to remain silent. Even if the advice of Drew's counsel could be viewed as somehow unreasonable, the omission of Drew's proposed testimony nevertheless falls well short of undermining our confidence in the outcome of the trial. *See Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir.1993). Accordingly, we reject Drew's ineffective assistance of trial counsel claim.

### B.

Drew claims also that he received ineffective assistance of counsel at sentencing because his counsel failed to object to the extent of the District Court's upward departure. Additionally, Drew argues that his sentencing counsel was ineffective because she failed to present witnesses who would have testified to Drew's good character in mitigation of his sentence.

With respect to the upward departure, the gravamen of Drew's prejudice argument is that, had his counsel objected to the extent of the upward departure at sentencing, the issue, thus properly preserved, could have been raised on direct appeal to this Court.[2] Drew contends that it is reasonably probable that this Court would have found the extent of the District Court's upward departure to be an abuse of discretion. Because, on direct appeal, Drew's counsel challenged only the District Court's authority to depart upward and did not question the extent of the departure, we did not specifically address the latter issue in *Drew I*. Accordingly, in order to determine whether Drew was prejudiced by his counsel's failure to raise this issue, we now review the extent of the upward depar-

ture for abuse of discretion. *See United States v. Sweet*, 985 F.2d 443, 445 (8th Cir. 1993) (citing *United States v. Lara–Banda*, 972 F.2d 958, 959–60 (8th Cir.1992) (standard of review)).

Drew was convicted of attempting to kill a government witness, and was sentenced under U.S.S.G. § 3C1.1 (1987), a section entitled "Willfully Obstructing or Impeding Proceedings." We noted in *Drew I* that the most serious acts enumerated in the guidelines commentary to § 3C1.1 were "threatening, intimidating, or otherwise unlawfully attempting to influence a . . . witness." *Drew I*, 894 F.2d at 974 (quoting U.S.S.G. § 3C1.1, comment. n. 1(d)). Given the comparatively benign nature of the conduct contemplated by the commentary, we concluded that an attempt to murder a government witness was a factor that had not been given adequate consideration by the Commission in formulating § 3C1.1. *Drew I*, 894 F.2d at 974. Accordingly, we held that the District Court did not err in determining that an upward departure from the guidelines was warranted under U.S.S.G. § 5K2.0. *Id.* at 974.

■ This Court has recognized that the extent of an upward departure is "quintessentially a judgment call" by the district court. *United States v. Passmore*, 984 F.2d 933, 937 (8th Cir.1993) (quoting *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989)). Because the dynamics of a particular case "may be difficult to gauge from the 'antiseptic nature of a sterile paper record,'" our review must take into account "the trier's superior 'feel' for the case." *Id.* at 937–38. Accordingly, we will not lightly second-guess the extent of a district court's upward departure.

■ Having reviewed the record in this case, we cannot say that the District Court abused its discretion by sentencing Drew to an additional seventy-two months of imprisonment. We note that Drew's resulting sentence of 180 months for the combined drug offenses and the attempt to kill a witness is still five years less than the statutory maxi-

---

**2.** Drew also claims that counsel's failure to raise the extent of the upward departure on appeal

constituted ineffective assistance of counsel. *See* Part I.D., *infra*.

mum sentence of twenty years for the attempted murder conviction alone. *See* 18 U.S.C. § 1512(a)(2)(B) (1988). Because we hold that the District Court's upward departure was not an abuse of discretion, Drew was not prejudiced by his counsel's failure to object to the extent of the upward departure at sentencing, and counsel was not ineffective in this regard.

### C.

■ Drew also argues that he was prejudiced by the failure of his counsel to present mitigating witnesses at sentencing who would have testified as to Drew's character. The District Court found that even "if evidence of movant's good character had been presented at sentencing, there is certainly not a reasonable probability that the outcome would have been different." *Drew v. United States,* No. 92–0569, Order at 9–10 (W.D.Mo. March 31, 1994). Inasmuch as the District Court sentenced Drew, its view of this matter is entitled to great weight, and Drew has offered us no reason to believe its conclusion regarding the potential effect of mitigating testimony is erroneous. Because Drew has failed to show that he was prejudiced by the allegedly deficient performance of his sentencing counsel, this ineffective assistance claim must fail.

### D.

■ We turn next to Drew's ineffective assistance of appellate counsel claim. Drew argues that his counsel was ineffective because she failed to challenge the extent of the District Court's upward departure on direct appeal. Here again, Drew must demonstrate both deficient performance and prejudice. *Wilson,* 962 F.2d at 819. Because we already have determined that the extent of the District Court's upward departure was reasonable, Drew cannot show that he was prejudiced by his counsel's failure to raise the issue on direct appeal. Thus, Drew's ineffective assistance of appellate counsel claim, like all of his other ineffective assistance claims, is lacking in merit.

### II.

Drew next claims that the District Court erred in failing to review his claim that the extent of the Court's upward departure was unreasonable as a matter of law. We need not tarry on this point, as we already have determined in resolving Drew's ineffective-assistance-of-counsel claims that the extent of the upward departure was reasonable, and this forecloses the issue.

### III.

In claim VII of his § 2255 motion, Drew argued that the government suppressed exculpatory evidence prior to trial. The evidence to which Drew referred consists of medical records which reflect that government witness Carolyn Tanner once had been hospitalized for drug addiction and depression, had threatened suicide, and had been diagnosed as having a personality disorder. Drew argues that his counsel's cross-examination of Tanner would have been more effective if Tanner's medical records had been disclosed. The District Court held that this claim was barred because it could have been raised on direct appeal but was not. Drew now argues that the District Court's holding was erroneous.

Drew's brief offers us scant reason to upset the District Court's determination of procedural bar, and the record on this point is not well developed. The government's brief, regrettably, only muddies the question. We do know, however, that at trial Drew's counsel cross-examined Tanner about her treatment for drug addiction and depression and also about her suicide threats. It therefore is difficult to believe the defense was unaware there were medical records to be had and hence was unable either to obtain the documents or to make a record on this issue and then bring it up on direct appeal. We thus are strongly inclined to think that the District Court probably was correct in holding this claim to be procedurally barred. Nevertheless, because the record does not permit us to decide this issue with apodictic certainty, we proceed directly to the merits of Drew's suppression claim, which are easily resolved.

■ The alleged suppression of Tanner's medical records is a violation of Drew's due process rights only if those records are "material." *Reese v. Frey,* 801 F.2d 348, 350

(8th Cir.1986) (quoting *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963)). To demonstrate materiality in a *Brady* case, the accused must show there is a reasonable probability that if the allegedly suppressed evidence had been disclosed at trial the result of the proceeding would have been different. *United States v. Ryan,* 9 F.3d 660, 664 (8th Cir.1993). A "reasonable probability" is a probability sufficient to undermine the reviewing court's confidence in the outcome of the proceeding. *Id.*

■ Our confidence in the outcome of Drew's trial is not at all undermined by the omission of the medical records at issue here. The record reflects that even without Tanner's medical records, Drew's counsel effectively cross-examined Tanner with respect to her treatment for drug addiction and depression, and her threats to commit suicide. We have held that "the availability of other opportunities to elicit the same information on cross-examination is significant in determining whether a defendant's constitutional rights have been violated." *United States v. Klauer,* 856 F.2d 1147, 1149 (8th Cir.1988) (discussing the confrontation clause). The only novel fact revealed by Tanner's medical records is that she had been diagnosed as having a "personality disorder." Whether such a diagnosis has any bearing on Tanner's credibility as a witness is not immediately apparent. Nor are we assisted by Drew's brief, which is silent on the matter.

In short, we believe that the trial testimony was sufficient to apprise the jury of Tanner's depression, suicide threats, and drug addiction, and thus to permit the jury to make an informed judgment as to Tanner's credibility. As our confidence in the outcome of the trial is not undermined by the absence of Tanner's medical records, we conclude that Drew's claim VII affords him no basis for relief.

### IV.

For the foregoing reasons, we affirm the judgment of the District Court.