_____

No. 95-2677
_____

Rasberry Williams,                *
                                  *
          Appellant,              *
                                  *
  v.                              *  Appeal from the United States
                                  *  District Court for the
State of Iowa and                 *  Northern District of Iowa
Gerardo Acevedo,                  *
                                  *     [UNPUBLISHED]
          Appellees              *

_____

Submitted:  December 15, 1995

Filed: January 17, 1996
_____

Before BOWMAN and LOKEN, Circuit Judges, and WOLLE[*], District
Judge.
_____

PER CURIAM.

     Rasberry Williams, an Iowa inmate, appeals from the judgment
of the district court[1] denying his petition for a writ of habeas
corpus under 28 U.S.C. § 2254 (1988).  Williams is serving a
sentence of life imprisonment following his conviction for first
degree murder and the affirmance of that conviction on direct
appeal. State v. Williams, 243 N.W.2d 658 (Iowa 1976).  Three

_____

     [*]  The HONORABLE CHARLES R. WOLLE, Chief United States
District Judge for the Southern District of Iowa, sitting by
designation.


     [1]  The Honorable Michael J. Melloy, Chief United States
District Judge for the Northern District of Iowa.

postconviction petitions were denied by Iowa courts. We affirm the denial of his habeas petition.

On July 20, 1974, Williams shot and killed Lester Givhan outside George's Pool Hall in Waterloo, Iowa. At trial Williams argued he shot Givhan in self-defense, testifying Givhan displayed a gun inside the pool hall after Williams demanded the return of $30.00 Givhan owed him. Williams went to his car to get his pistol, confronted Givhan again outside the pool hall, and shot him after further argument about the debt and after Givhan again displayed a gun. From the trial testimony, the jury could reasonably have found that Williams deliberately confronted Givhan outside the pool hall and killed him with malice, not in self-defense.

Williams raises three grounds for habeas relief. First, he contends he was denied effective assistance of counsel and due process of law when his trial attorneys failed to object to jury instructions that equated the element of specific intent with the separate elements of premeditation, deliberation, and willfulness. Second, Williams contends that he was denied due process of law, equal protection, and effective assistance of counsel when Iowa courts denied his requests for a psychiatric examination at public expense. Finally, Williams argues that the district court erred in denying his request for a psychiatric examination and an evidentiary hearing in this federal habeas action.

I. In ruling against Williams on his first claim of ineffective assistance of counsel, the district court adopted the findings of the state courts that held Williams was not prejudiced when his trial counsel failed to object to jury instructions setting forth the elements of the offense. To prevail on claims of ineffective assistance of counsel, petitioners seeking habeas relief are required to show that counsel's performance fell below an objective standard of reasonableness, and that it is reasonably

2

probable the result of the proceeding would have been different without counsel's unprofessional efforts.  See Wilson v. Armontrout, 962 F.2d 817, 819 (8th Cir.) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)), cert. denied, 113 S.Ct. 383 (1992).

Williams has not shown the result of his trial in the Iowa court would have been different if his trial counsel had objected to the marshaling instruction presented to the jury.  The record contains ample evidence that Williams had acted with premeditation, deliberation, and willfulness.  We agree with the Iowa courts and the district court in holding Williams has not satisfied the prejudice requirement of this ineffectiveness claim.  It is denied.

II.  The Iowa trial court denied Williams' pretrial requests that he be provided a psychiatric examination at government expense.  His first requests were denied as too conclusory and indefinite.  When Williams' counsel renewed the request and submitted medical records regarding a previous head injury, the trial court ordered an examination by a neurologist.  Williams contends his trial counsel should have presented more persuasive, fact-supported requests to the trial court. Williams also contends denial of his requests for evaluation by a psychiatrist violated due process and equal protection.

The district court in this habeas action denied this second claim of ineffectiveness of trial counsel because Williams' conclusory allegations of mental disorder did not satisfy Ake v. Oklahoma, 470 U.S. 68 (1984). We agree. Ake requires a petitioner seeking a psychiatric examination to make a preliminary showing that sanity at the time of the offense would likely be a

3

significant factor at trial.  Id. at 74.[2]  The district court emphasized that the state trial court had provided Williams an examination by a neurologist who was qualified to provide a competent opinion regarding the location of the head injury and its probable effect on mental functioning.  Williams has not shown his trial counsel could have obtained facts to support an adequate Ake request for a psychiatric examination.  Moreover, Williams has not shown that a psychiatric examination would have disclosed facts that probably would have changed the outcome of the trial.  Thus, this second ineffectiveness claim does not satisfy the Strickland prejudice requirement.

III.  Before denying Williams' habeas petition, the district court denied Williams' request that he be examined by a psychiatrist at government expense and also denied his request for an evidentiary hearing.  In one of the three state postconviction proceedings, the trial court held a full evidentiary hearing, but Williams failed to develop facts in that proceeding to show that he was entitled to a psychiatric examination.  Williams satisfied neither Ake requirements nor the requirement that a petitioner requesting an evidentiary hearing show cause for the failure to develop facts in state court and likely prejudice resulting from that failure. Keene v. Tamayo-Reyes, 504 U.S. ___, 112 S.Ct. 1, 118 L.Ed.2d 318 (1992).  The district court correctly denied Williams' request for a further evidentiary hearing and psychiatric examination in this federal habeas proceeding.

We have carefully reviewed the record and the parties, briefs. We affirm the well-reasoned decision and judgment of the district court.

---

[2]Like the district court we pass the question whether Ake applies retroactively to the state court's denial of a psychiatric evaluation at public expense.

4

AFFIRMED

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.