# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3217

———————

Robert W. Odem,        *
       *
       Appellee,        *
       *    Appeal from the United States
       v.        *    District Court for the
       *    Northern District of Iowa
Frank X. Hopkins, Warden,        *
Thomas J. Miller, Attorney        *
General of the State of Iowa,        *
       *
       Appellants.        *

———————

Submitted: May 14, 2004
Filed: September 10, 2004

———————

Before LOKEN, Chief Judge, SMITH, Circuit Judge, and DORR,[1] District Judge.

———————

DORR, District Judge.

Appellants appeal from the decision of the district court granting Robert W. Odem's amended petition for habeas corpus relief on a claim of ineffective assistance of counsel. For the reasons stated below, we reverse the district court.

———————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, sitting by designation.

# I. Background

Robert W. Odem ("Odem") was convicted of two counts of first degree murder for the murders of Bill and Kimberly Smith and received a sentence of life without the possibility of parole. Odem filed a direct appeal, which was denied, and a state postconviction action, which was also denied, as was the related appeal. Odem filed a second state postconviction action and appeal, which were both denied. Odem then filed this action, pursuant to 28 U.S.C. § 2254, on August 24, 1992, and filed an amended petition on September 23, 1996.

The district court granted relief on a *Brady* claim and held that the prosecution failed to disclose evidence relating to a head hair found in a red jacket owned by Odem's brother. On appeal, this Court allowed the record to be expanded to include evidence that showed the information concerning the jacket had been disclosed to Odem's counsel prior to his trial. The case was then remanded to the district court to reconsider its *Brady* ruling in light of these materials.

On remand, the district court again granted the writ, this time on the basis that the disclosures, made six weeks apart, were not done in a clear enough manner to comply with *Brady*. On appeal, this Court reversed the district court's finding of a *Brady* violation and the granting of Odem's habeas corpus petition, but ordered a remand for consideration of Odem's ineffective assistance of counsel claim.

On remand, the district court allowed Odem to amend his petition to include for the first time his claim that defense counsel at trial had been ineffective for failing to use at trial the evidence that the red jacket owned by Odem's brother, Richard Odem, had a hair inside it that was similar to Kimberly Smith's hair. The district court granted relief to Odem finding that defense counsel provided ineffective assistance of counsel. The instant appeal followed.

## II. Facts

As stated in our previous opinion in this case, Bill Smith and his wife Kimberly were murdered at their home the evening of December 26, 1980. The two eyewitnesses to that event were Bill Smith's children from a former marriage, Chad, age 8, and Steven, age 5, who testified that they saw a man wearing a red jacket and blue jeans come into the house. Chad at first told the police that there was some white cursive writing on the jacket with the letters "C," "R," "H," and "A," but at trial he testified that there was no lettering on the jacket. A few minutes after the boys saw the man enter the premises, they heard gunshots from their father's bedroom, and in the morning they went to alert a neighbor. When the Iowa Department of Criminal Investigation (DCI) arrived, Bill and Kimberly Smith were found dead on the floor from two gunshot wounds each. The DCI found no evidence connecting Odem to the crime scene. Evidence at trial showed that on the night of the murders, Odem was wearing blue jeans and a red jacket with no writing, and that for most of the evening he had been bar hopping.

In early January 1981, at the DCI's request, Odem turned over a .22 caliber rifle that Odem's brother, Richard, owned. Odem stated that he had been in possession of the rifle since 1979 and from November to the last week of December 1980, the gun was in the back of his seldom locked car. After this period, Odem indicated that he took the gun inside his house and hung it on the wall. Ballistics tests conclusively proved that this was the weapon that killed Bill and Kimberly Smith.

In a DCI Report dated February 27, 1981, the DCI summarized their analysis of a red nylon jacket that belonged to Odem's brother, Richard, as follows:

-3-

BD The red nylon jacket and (Item BD) was examined for the presence of blood splatters or stains and none were detected. Several hairs were recovered from the inside of the jacket.

BD vs Z & AJ A light colored head hair recovered from the insides of the red jacket (Item BD) was compared with the known head hair from KIMBERLY SMITH (Item AJ). Similarities were noted between the jacket (Item BD) and the known hair from KIMBERLY SMITH (Item AJ) in color diameter, length and microscopic characteristics. Based on this comparison, it is the opinion of this examiner that the hair from the red jacket (Item BD) may have originated from the same sources as the known hair (Item AJ). It should be noted that hairs lack sufficient characteristics to affect a positive identification.

The known hair from WILLIAM SMITH (Item Z) was determined to be dissimilar to the hair recovered from the red jacket. (Item BD).

A second page of this DCI report references Exhibit BD as "One (1) red 'Aristo Jac' Jacket with lettering "U NEED A CAR WASH.'"

Odem's counsel's billing records indicate that he received and reviewed a copy of the DCI report before trial on April 6, 1981. Six weeks later, on May 19, 1981, the State sent Odem's counsel a 12-page letter explaining a variety of potentially exculpatory evidence. On page 11 of this letter, the State indicated that it had seized Richard Odem's red jacket with "You Need a Car Wash" printed in black letters on the back.

During the trial, Odem's counsel did not attempt to put Richard Odem's jacket into evidence or make the connection between Richard's jacket and the DCI Report concerning the hair found inside the jacket.

### III.  Discussion

The issue before us is whether the district court erred in granting relief on Odem's ineffective assistance of counsel claim.  We conclude that it did.

Appellants present two primary arguments – one is procedural, the other is substantive.  First, Appellants argue that the district court should have found that Odem's current ineffective assistance of counsel claim was procedurally defaulted because Odem never presented such claim to an Iowa state court.  In addition, Appellants contend that the district court erred in allowing Odem to amend his petition after remand over the objections of Appellants.  Second, Appellants argue that the district court erred in finding that Odem's trial counsel's performance fell below the objective standard of reasonableness because of his failure to use at trial the evidence that Odem's brother's red jacket had a head hair in it that was similar to Kimberly Smith's hair.  Further, Appellants argue that the district court erred in conducting the prejudice analysis called for by *Strickland  v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  We will address Appellants' substantive argument first and will assume, solely for the purpose of addressing the substantive argument, that there is no procedural bar to Odem's claim.

A claim of ineffective assistance of counsel is a mixed question of fact and law. *Id.* at 698.  Thus, the district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed *de novo*. *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999); *see also Pruett v. Norris*, 153 F.3d 579, 584 (8th Cir. 1998); *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992).  A state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct.  *Wilson*, 962 F.2d at 819.

*A. Substantive Ruling*

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that the performance of his counsel was deficient and that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687. To establish that his counsel's performance was deficient, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When addressing the adequacy of counsel's performance, we must be "highly deferential" and make "every effort [] to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a strong presumption that a counsel's performance "falls within the wide range of reasonable professional assistance." *Id.*

Error by counsel, even if professionally unreasonable, does not necessarily require that a judgment in a criminal proceeding be set aside if the error had no effect on the judgment. *Id.* at 691. In an ineffectiveness claim, a defendant must affirmatively show prejudice. *Id.* at 693. It is not sufficient for a defendant to show that the error(s) had some "conceivable effect" on the result of the proceeding because not every error that influences or affects a proceeding undermines the reliability of the outcome of the proceeding. *Id.* The defendant must show that because of counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

It is undisputed that the billing records of Odem's trial counsel indicate that he received and reviewed a copy of the DCI report. It is also undisputed that six weeks later he received the letter from the State, revealing that the state had seized Richard Odem's red jacket, which matched the jacket described in the DCI Report. We have previously stated that the connection between these two disclosures was "readily apparent." *Odem v. Hopkins*, 192 F.3d 772, 777 (8th Cir. 1999). Appellants argue that it was a tactical decision for defense counsel not to offer the evidence that Richard Odem's red jacket had a hair inside of it that was similar to Kimberly Smith's hair. Appellants claim it would have been directly contrary to the strong alibi of Odem's brother as well as the strategy employed at trial that Odem was not "trying to point the finger to somebody else." Appellants further suggest that the district court refused to accord the actual trial strategy employed by defense counsel the appropriate level of deference.

Odem claims that his counsel at trial was ineffective for failing to present the hair and jacket evidence. Odem argues that it is clear that trial counsel did not recognize the significance of the information he apparently received and that his counsel, and co-counsel both testified that they did not recall having this information.

The district court found on remand that while Odem's counsel, Mr. Pappas, should have made the connection, he did not. The district court concluded that because defense counsel did not present the existence of the other red jacket containing a hair similar to Kimberly Smith's to the jury it "robbed" the jury of considering that issue and, therefore, undermined the confidence in the verdict. The district court stated that it "finds it hard to envision any set of circumstances where a defense lawyer, . . . would not use and push those facts" and concluded that Odem's defense attorney provided ineffective assistance of counsel.

We disagree. Defense counsel had received records regarding the red jacket with the hair similar to Kimberly Smith's hair. The evidence in the record is that Richard Odem, the owner of the other red jacket, had an alibi for the night of the murders and was reportedly in Iowa City, nearly 300 miles and six hours away from Latimer, Iowa, where the murders occurred. In addition, the evidence is that the red jacket owned by Richard Odem had black block lettering on the back with a cartoon-style elephant and the words "U Need A Car Wash," which is different from the descriptions of the red jacket obtained from the Smith children. Alternatively, two red nylon jackets were obtained from defendant Odem, and neither had any writing or lettering on the back.

Although the district court stated that it could not "envision any set of circumstances" in which a defense lawyer would not use such evidence, the focus when addressing the adequacy of counsel's performance is on evaluating the conduct from counsel's perspective at the time. *See Strickland*, 466 U.S. at 689. Just because defense counsel did not use the evidence of Richard Odem's red jacket and the head hair during Odem's trial does not mean that counsel's performance falls below an objective standard of reasonableness. The evidence at the time of trial was that two red nylon jackets with no lettering on their backs were obtained from Odem, the children of the victim described the gunman's jacket as red with no lettering, Odem turned over to police the .22 caliber Winchester rifle that was conclusively determined to be the murder weapon, Odem had purchased Remington ammunition of the same type that was used in the murders, and Odem's inconsistent report of his whereabouts on the night of the murders boiled down to a night of bar-hopping. By using the evidence about Richard Odem's red jacket and the head hair similar to Kimberly Smith's hair, Odem would have been pointing the finger at his brother, Richard Odem, who had an alibi. Based on the foregoing and the other evidence of record, and considering defense counsel's conduct based on his perspective at the time, we find that the strong presumption that defense counsel's performance "falls within the wide range of reasonable professional assistance" is not overcome. *See id.*;

-8-

*see also Wilson v. Armontrout*, 962 F.2d 817, 820 (8th Cir. 1992) (noting that a defense counsel is not ineffective when the counsel does not present an "implausible theory of defense" (quotations and citations omitted)).

It is not necessary for us to consider the prejudice portion of the *Strickland* analysis in light of our aforementioned finding. However, we have done so and find that Odem has not shown that there is a "reasonable probability" that the result of the trial would have been different had the connection between Odem's brother's red jacket and the similar head hair been presented during trial.

As previously discussed, a defendant must show that there is a "reasonable probability" that the result of the trial would have been different to satisfy the prejudice requirement under *Strickland*. *See Strickland*, 466 U.S. at 693. It is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Id.*

There was extensive evidence adduced by the State at trial, including the facts that Richard Odem had an alibi for the night of the murders, that the red jacket owned by Richard Odem did not match the description given by the Smith children of the red jacket worn by the gunman, that Odem was in possession of the murder weapon, and that Odem's alibi of bar-hopping for the night of the murders had gaps in it. We find that even if the failure to use the evidence of Richard Odem's red jacket and the head hair was error, it was not so prejudicial so as to undermine the reliability of the trial result. There was overwhelming evidence at trial of Odem's guilt and Odem has failed to show that there is a "reasonable probability" that the result of his trial would have been different if the evidence of the other red jacket and the head hair had been used. Therefore, we find that there was no prejudice by defense counsel's failure to use the evidence of the other red jacket and the head hair at trial.

Further, we note that at this stage, even if a new trial were ordered, it is counterintuitive that the evidence of the red jacket owned by Richard Odem with the head hair inside would be helpful to Odem. We are cognizant that the analysis under *Strickland* requires that counsel's conduct be judged under the then-existing circumstances. However, if a new trial were ordered, it is highly unlikely that the evidence of the red jacket owned by Richard Odem and related head hair would even be admissible, much less that it would be favorable to Odem, because mitochondrial DNA testing now confirms that the head hair found in the sleeve of Richard Odem's red jacket did not come from Kimberly Smith.

*B. Procedural Default*

Having assumed that there was no procedural obstacle to Odem's claim of ineffective assistance, we have concluded that Odem's claim of ineffective assistance of counsel is without merit and does not rise to the level of constitutional error. Therefore, we find that it is not necessary to address the merits of whether Odem was procedurally barred from raising such claim in this federal habeas petition.

### III. Conclusion

For the foregoing reasons, we conclude Odem's claim of ineffective assistance of counsel fails, the judgment of the district court in granting the writ of habeas corpus is reversed, and the original conviction and sentence are reinstated.

_____